FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 10  PM 3:07

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIN M. RUTH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-369** |
| **THE TIMES-PICAYUNE EMPLOYEE BENEFITS PLAN AND BLUE CROSS BLUE SHIELD OF DELAWARE** | **SECTION "B" (1)** |

### ORDER & REASONS

Before the Court is a Motion for Clarification or New Trial (Rec. Doc. No. 11) filed by Plaintiff, Erin M. Ruth, who moves the Court to clarify its Order and Reasons of July 25, 2005 (Rec. Doc. No. 10). Plaintiff filed the Motion for Clarification or New Trial on August 2, 2005 and noticed the motion for hearing on the briefs on August 17, 2005. Defendants' opposition, if any, was due eight days prior to the noticed hearing date. Defendants did not file any opposition into the record.

Plaintiff argues that the July 25, 2005 Order and Reasons requires clarification because the Court may have inadvertently dismissed BlueCross from Plaintiff's claim for penalties under 29 U.S.C § 1132(a)(1)(A). Plaintiff's penalties claim, according to statute, is properly against the Administrator of the Plan. Plaintiff contends that BlueCross is the Administrator of the Plan.

1

Accordingly, BlueCross should not be dismissed from the entire lawsuit, only from Plaintiff's claims for a determination of coverage and for a money judgment for past medical expenses, which are properly brought only against the Plan. In its Order and Reasons of July 25, 2005, the Court issued the following:

> The Court's Order and Reasons granted in part and denied in part Defendant's original Motion to Dismiss (Rec. Doc. No. 5). In dismissing some of the Complaint pursuant to Rule 12(b)(6), based on the parties' agreement, the Court ordered as follows:
>> Plaintiff states that "[i]f 'The Plan' is acknowledging that 'The Times Picayune Employee Benefits Plan' is the proper name of 'The Plan', and then BlueCross should be dismissed from the claims brought under 29 U.S.C. § 1132(a)(1)(B) (but not from the 29 U.S.C. § 1132c claim brought under 29 U.S.C. § 1132(a)(1)(A))." Rec. Doc. No. 6, at 2. Defendant agrees that "The Plan" properly made Defendant in this suit is the Times-Picayune Employee Benefits Plan. Accordingly;
>
> **IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. No. 4) is hereby **GRANTED** to the extent that Plaintiff's claims against BCBSD, Inc. d/b/a Blue Cross Blue Shield of Delaware. Plaintiff's claims against BCBSD, Inc. d/b/a Blue Cross Blue Shiel[d] of Delaware are hereby **DISMISSED** with prejudice.

Rec. Doc. No. 10, at 4-5 (emphasis not found in original). The Court further ordered as follows:

> **IT IS ORDERED** that Defendants' Motion to Dismiss is hereby **DENIED** to the extent that it seeks dismissal of Plaintiff's Claim for Relief under 29 U.S.C. § 1132(a)(1)(A).

*Id.* at 6. The Court, therefore, only dismissed BlueCross to the extent that Plaintiff brought claims against it under 29 U.S.C. § 1132(a)(1)(B), but not from the claims under § 1132(c) brought under 29 U.S.C. § 1132(a)(1)(A). While the Court does not agree that its Order was unclear, perhaps the language of the Order could be clearer. In addition, Defendants apparently do not oppose the instant motion as they have failed to timely file an opposition. Accordingly,

and lest there be any further confusion,

**IT IS ORDERED** that the July 25, 2005 Order and Reasons (Rec. Doc. No. 10) is hereby **AMENDED** to reflect that Defendant BlueCross is dismissed from Plaintiff's claims for a determination of coverage and for a money judgment for past medical expenses, but BlueCross remains as a Defendant in Plaintiff's claim for penalties against the Administrator of the Plan;

**IT IS FURTHER ORDERED** that the alternative Motion for a New Trial is hereby **DISMISSED** as **MOOT** in light of the above clairification.

New Orleans, Louisiana, this the ____ day of ~~August~~ November, 2005.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT COURT

3